GRAND RAPIDS & INDIANA RAILROAD CO. *v.* GRAND RAP-
IDS, KALKASKA & SOUTHEASTERN RAILROAD CO.

ACCOUNTING—SPECIFIC PERFORMANCE—EQUITY—RAILROADS.
  Complainant's bill in equity was not demurrable on the
  ground that the remedy at law was adequate, where it
  averred that one of the defendants, in order to secure the
  right to cross complainant's tracks, agreed, by parol, that it
  would maintain and pay all expenses of the protection and of
  the crossing so long as the same should remain, that the half
  interlocker installed under the arrangement, having become
  inadequate, was ordered replaced by a full interlocker by
  action of the railroad commissioner, that after notifying de-
  fendant and its successor that complainant relied on the said
  oral arrangement, and was ready to comply with the order, and
  that complainant thereupon proceeded to install the system
  as required by the commissioner; the bill also praying for an
  accounting, and a decree fixing times of payment and deter-
  mining the rights of the parties. BIRD and OSTRANDER, JJ.,
  dissenting.

  Appeal from Kent; Perkins, J. Submitted June 19,
1912. (Docket No. 86.) Decided April 8, 1913.

  Bill by the Grand Rapids & Indiana Railroad Com-
pany against the Grand Rapids, Kalkaska & South-
eastern Railroad Company and Pere Marquette Railroad
Company for an accounting and other relief. From an
order overruling a demurrer to complainant's bill, defend-
ants appeal. Affirmed.

  *James H. Campbell*, for complainant.

  *McPherson, Bills & Streeter*, for defendants.

  McALVAY, J. This is an appeal by defendants from
the judgment of the circuit court for the county of Kent,
in chancery, overruling their demurrer to the bill of com-
plaint.

The sole ground of the demurrer is that the complainant has a full, adequate, and complete remedy at law. Defendants contend that the principal purpose for which this suit was instituted is to collect from the defendants money claimed to be due to the complainant for the construction and maintenance of the interlocking switch at Kalkaska. To determine this, an analysis of the bill of complaint is necessary. This pleading avers that complainant owned a railroad right of way extending from Ft. Wayne, Ind., to Mackinaw City. Mich., upon which it had operated its road for a term of years before the defendant the Kalkaska Company, a Michigan corporation, was organized; that this defendant, in order to construct its proposed road according to the map required by law filed with the railroad crossing board, would be required to make a crossing over complainant's right of way and tracks in the village of Kalkaska in Kalkaska county; that, before any action was taken by the crossing board, this defendant applied to complainant for permission to make such crossing over its right of way and tracks, and in consideration thereof, so long as this defendant's railroad was maintained and operated, it would pay the entire expense of making the crossing and all future protection thereof, to which offer complainant consented and a parol agreement was entered into to that effect, which need not be here set forth more at length.

The State crossing board approved the map of this defendant October 23, 1897, and ordered a crossing at grade, requiring that this defendant, at its own expense, furnish and maintain suitable crossing frogs and to erect a half interlocking switch, with derailing rails, on its tracks; that under this verbal agreement, without condemnation or other right or license, this defendant, in January, 1898, constructed its railroad across the right of way and tracks of complainant, over which it has since continued to be maintained and operated, and also in accordance with the order of the crossing board constructed and maintained at its own expense a half interlocker until August, 1908; that,

during all the time after this defendant's road was constructed, the defendant Pere Marquette Railroad Company, or its predecessors, was the lessee of defendant the Kalkaska Company's road, and has operated the same up to the present time; that on June 3, 1907, an order was made by the commissioner of railroads (afterwards amended July 31, 1907) because the half interlocker switch provided for had become unsatisfactory and inadequate, requiring a full interlocker and derailing switch and signal system to be constructed and maintained at this crossing at Kalkaska, by complainant and the Kalkaska Company, the expense thereof to be borne one-half by each, its grantees, lessees, and operators, which order further provided as follows: " Nothing in this order shall be construed so as to conflict or interfere with any private contract or agreement heretofore made or now existing, or which may hereafter be entered into between the companies in interest regarding the cost and expense of construction, maintenance and operation of said appliance at the said crossing "—that after notifying both of these defendants that it was ready to proceed to carry out said last order, and that it relied upon the verbal agreement made with defendant the Kalkaska Company already stated, and that it waived none of its rights thereunder, complainant proceeded and constructed such full interlocking derailing system as required at its own expense, and has continued so to maintain the same up to the present time. Complainant avers that the defendants, by such agreement, are obligated to pay it according to the terms thereof for all cost and expense of the construction, installation, and maintenance thereof, and asks this court to take jurisdiction of this controversy and determine once for all its rights against defendants jointly or severally and the rights of defendants as between themselves, and to take an accounting to ascertain the amount due complainant from them or either of them, and decree payment thereof, and thereby prevent a multiplicity of suits respecting the matter set forth.

Upon these allegations contained in the bill, complainant prays for a decree determining that the verbal contract between complainant and defendant the Kalkaska Company was made upon a valuable and sufficient consideration, and that it is in full force and binding upon said defendant, its successors, assigns, lessees, and operators, so long as this crossing upon and over its right of way and tracks shall be maintained. The bill prays for an accounting that the defendants pay the amount due from them, and each of them, in the premises according to the terms of said verbal agreement. There is also a prayer that, independent of any contract obligation, the defendant the Kalkaska Company should, as a reasonable and equitable compensation to complainant for the use of its right of way by said defendants for the construction and maintenance of its road thereon, pay the full expense of protection at said crossing by whatever method was required by proper authority or agreed upon between the parties, including the cost of purchase, installation, maintenance, and operation; and it also contained a paragraph in the prayer as to the time when such payments should be decreed to be made.

From this résumé of the bill of complaint it appears that primarily its purpose is to have the verbal agreement relied upon established by a decree, and its binding force upon the defendants and all others who may become interested therein, in whatever capacity, determined and decreed; that under such contract an accounting be had with the defendants to determine their status and their liability.

The sole ground of demurrer is that the complainant has a full, adequate, and complete remedy at law. A demurrer in equity operates as an admission that all material averments in a bill, which are properly pleaded, are true. Applying this rule to the instant case, it is apparent that complainant by its bill has stated a cause of action for which a court of law would not furnish a full, adequate, and complete remedy, adapted to the particular exigencies

thereof, and therefore it is cognizable in a court of equity. Such court, having assumed jurisdiction, will retain it to determine all matters in controversy and the rights and liabilities of all the parties and make a final disposition of the case.

The order of the circuit court overruling the demurrer is affirmed, with costs.

STEERE, C. J., and MOORE, BROOKE, and STONE, JJ., concurred with MCALVAY, J.

BIRD, J.   I am of the opinion that there is an adequate remedy at law.

OSTRANDER, J., concurred with BIRD, J.